IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anjay Patel, ) | C/A No.: 7:16-3270-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| BMW Financial Services NA; and ) | |
| BMW Bank of North America, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter was removed to this court based on the assertion of diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 1]. Jurisdiction under this section exists when the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. The amount in controversy requirement is tested at the time of removal. When an unspecified amount of damages is claimed, the amount is satisfied for purposes of remand unless it appears to a legal certainty that plaintiff cannot recover damages in excess of $75,000. Wright, Miller & Cooper, *Federal Practice and Procedure* § 3725 (1985 and Supp. 1998). Frequently, these requirements are satisfied when actual and punitive damages are sought and plaintiff has not affirmatively pled a cap on damages or otherwise limited the amount of damages sought prior to the time of removal. Limitations on damages after removal do not affect jurisdiction; however, clarifications of the amount sought at the time of removal may result in remand. *See St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 292 (1938) (post-removal amendment does not affect jurisdiction); *Cole v. Great Atlantic &*

*Pacific Tea Co.*, 728 F. Supp. 1305 (E.D. Ky. 1990) (ambiguous demands may be subject to post-removal clarification); Wright & Miller § 3702 (Supp. 1998).

The complaint in the present case seeks an unspecified amount of damages. [ECF No. 1-1]. Pursuant to a special interrogatory to the plaintiff, the court sought clarification of the plaintiff's intent, at the time this matter was initially filed in state court, to pursue monetary damages. [ECF No. 18]. By filing on February 2, 2017, the plaintiff advised the court that, at the present time and at the time that he filed his complaint, he was not seeking damages in excess of $75,000. [ECF No. 20]. The court interprets the plaintiff's letter as a stipulation that he is not seeking damages exceeding $75,000. As a result of the plaintiff's stipulation, to which he is bound, that the amount in controversy for his demand does not exceed $75,000, it appears this court lacks subject matter jurisdiction such that remand of the action to the Court of Common Pleas for Spartanburg County is appropriate. It is recommended that no costs be imposed, as removal was not improper given the facts then known to defendants.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

February 6, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).